UTICA,
August, 1823.

ALCOTT
v.
PHELPS.

ALCOTT *et al.* against PHELPS.

In assumpsit, where the recovery is less than $250, the *nisi prius record* is to be taxed by the folio, allowing at the common pleas rate :

The record and execution, at the same sum in gross allowed by the common pleas bill, without any additional allowance for the greater length of the continuances.

Where services are similar, in both courts, the charges are the same.

Where the service here is unknown in the common pleas, the charge is at the common pleas rate per *folio*.

ASSUMPSIT, and judgment for the plaintiff. The damages being less than $250, Mr. *Breese*, the Clerk, refused to tax the following items in the plaintiff's bill of costs :

| | | |
|---|---|---|
| 1. Dr. N. P. record. fol. 4, and dr. continuances on the same, fol. 11, at 12½ cents,(a) | | $1,87½ |
| 2. Engrossing same, with pleadings, fol. 24, at 6 cents,(b) | | 1,44 |
| 3. Dr. judgment record, fol. 4, at 12½ cents, | These were taxed in gross, at $2,25,(c) | 50 |
| 4. Dr. entries on roll, after issue joined, exclusive of judgment, fol. 9, at 12½ cents, | | 1,37½ |
| 5. Engrossing judgment, entries and pleadings, fol. 24, at 6 cents, | | 1,44 |
| 6. Dr. testatum execution, fol. 6, at 12¹ cents, engrossing at 6 cents, seal, 6 cents, | This was taxed at 25 cents in gross.(d) | 1,18 |

Mr. *A. Sampson*, appealed from this taxation. He perceived, by a note to the rules, (*Gould's ed. of* 1818, *p.* 93) that under the old act, contained in *Kent & Radcliff's revision,* (*vol.* 1, *p.* 529) no charge could be taxed, unless a like charge, for a like service, would have existed and been taxable in the Common Pleas ; which would exclude the two first charges in this bill. That note stands, in the latest edition of the rules, unrepealed ; though he conceived these charges proper, under the new act. (1 *R. L.* 344, *sec.* 4.) The

(a) 2 *R. L.* 23.
(b) *id.*

(c) *id.* 24.
(d) *Sess.* 41, *ch.* 259, *s.* 13.

phraseology of the two acts differs, and the old rule of inter-
pretation is inapplicable to the last act.

*Curia.* This section(e) authorizes you to have all *necessary
services* taxed, at the *Common Pleas rate.* The *nisi prius
record* is a *necessary service,* and should have been taxed.

*Sampson.* For the four last charges, Mr. *Breese* has al-
lowed us the Common Pleas charges for a judgment and
execution. Are we not entitled to our folio in these?

*J. A. Spencer, amicus curiæ.* In the Common Pleas, a
*general continuance* is authorized by the statute. In this
Court *full continuances* are required. Do they not, then,
come under the provision allowing for *necessary services?*

*J. C. Spencer,* for the defendant, said that as to a *judg-
ment record* and *execution,* the statute had established a
*rate* for the Common Pleas, but not so as to the *nisi prius* re-
cord, for which nothing ought to be allowed.

*Curia.* The two first items must be allowed as charged.
The four last were correctly taxed by the Clerk. Where
the recovery, as here, is under 250 dollars, the charges for
similar services are the same in both Courts. Thus, a ca-
pias, subpœna, judgment record, and execution, are taxed
at the same in both Courts. But where the service here is
unknown in the Common Pleas, it is allowed for by the folio,
at the Common Pleas *rate* of charge for folios there, within
the clause of the statute allowing for *necessary services.*

Rule accordingly.

(e) *Sec.* 4, 1 *R. L.* 23.